United States District Court
Southern District of Texas
**ENTERED**
December 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNALDO MANUEL GARCIA, TDCJ #01782131, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 4:21-3889 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Reynaldo Manuel Garcia is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding (Dkt. 1). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.     BACKGROUND

Garcia is serving a 12-year sentence imposed in Case No. 1305187, 248th District Court of Harris County, for aggravated sexual assault of a child under 14 (Dkt. 1, at 1). *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited Dec. 15, 2021); Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Dec. 15, 2021).

Garcia's habeas petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction at the Stringfellow Unit on July 27, 2020, in

disciplinary case number 20200237844. Garcia was convicted of an assault on an officer and was punished by the loss of 364 days of good-time credit, among other penalties (Dkt 1, at 20). Garcia states that he appealed the conviction through TDCJ's two-step administrative grievance procedure.

Garcia claims that the evidence against him was insufficient, that the relevant rules were arbitrarily not applied, that his counsel substitute failed to adequate assist him, that the verdict and punishment violated his constitutional rights, and that the officer's allegedly false accusation violated his rights (*id*. at 5-12). He seeks restoration of his good-time credits, among other relief (*id*. at 17).

## II.  PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting arise under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with violating institutional rules are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

In this case, Garcia cannot demonstrate a constitutional violation because he is not eligible for release on mandatory supervision. Garcia was convicted of aggravated sexual assault of a child under 14 under Texas Penal Code § 22.021. Texas statute provides that a person convicted under this provision may not be released to mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(8). Therefore, Garcia has no protected liberty interest in his previously earned good-time credit. *See Malchi*, 211 F.3d at 957-58.

Because Garcia cannot demonstrate a constitutional violation, his habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The relief sought in the federal habeas corpus petition (Dkt. 1) filed by Reynaldo Manuel Garcia is **DENIED** and this case is **DISMISSED** with prejudice.
2. All pending motions, if any, are **DENIED as moot**.
3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 17th day of December, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE